IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,691-01








EX PARTE RICKEY LEE ROGHAIR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 12,919-A IN THE 271ST DISTRICT COURT


FROM WISE COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk
of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young,
418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and
sentenced to ninety-nine (99) years' imprisonment. The Seventh Court of Appeals affirmed his 
conviction. Roghair v. State, No AP-07-05-0414-CR, (Tex. App.- Amarillo, 2006, no pet.) (not
designated for publication.)

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed and that he had a right to file
a pro se petition for discretionary review. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Wilson, 956
S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact. The trial court shall provide appellate counsel with the opportunity to
respond to Applicant's claim of ineffective assistance of counsel on appeal. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall order counsel to file an
affidavit addressing whether: (1) he notified Applicant that his appeal had been affirmed and, if so,
the date of the notification; and, (2) whether he advised Applicant that he had a right to file a pro se
petition for discretionary review. In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's appellate counsel timely
informed Applicant that his conviction had been affirmed and that he had a right to file a pro se
petition for discretionary review. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 30, 2008

Do not publish